UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FILED ___ ENTERED
LODGED ___ RECEIVED

OCT 21 2013   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

In Re: Douglas Vogt                    Case No.: C13-1880 (JLR)
_____/

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEAL DOCUMENT**

COMES NOW Douglas Vogt ("Vogt") in support of his Local Rule 5(g) motion for an order sealing his previously-filed envelope marked with the case caption and the phrase "FILED UNDER SEAL" ("Sealed Affidavit"), and states as follows:

**I.   INTRODUCTION**

Vogt has filed an extensive Public Affidavit detailing the overwhelming forensic evidence pointing to the forgery of Barack Hussein Obama II's certificates of live birth ("COLBs"). In addition, Vogt has filed a Sealed Affidavit which identifies the "John and Jane Does" who were involved in the creation of the forged COLBs and how they created their forgeries.

Vogt prays, *inter alia*, in this action that pursuant to 18 U.S.C. § 3332(a) and Federal Rules Criminal Procedure, Rule 6(a), this Court discharge its obligation to bring "to the attention of the Grand Jury" the evidence of criminal behavior sworn-to by Vogt in his Public and Sealed Affidavits filed in this matter. To <u>refuse</u> to seal the Sealed Affidavit would undermine the Grand Jury's long-established right to conduct its investigations in secret and cause the spoliation of evidence. Accordingly, Vogt's motion to seal must be granted by this Court.

**II.  THIS COURT'S STATUTORY OBLIGATION**

Congress enacted 18 U.S.C. §3332(a) which states in pertinent part:



13-CV-01880-MEM

> It shall be the duty of each such Grand Jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. **Such alleged offenses may be brought to the attention of the grand jury by the court** or by any attorney appearing on behalf of the United States for the presentation of evidence. (Emphasis added).

As such, this Court has the authority to "bring to the attention of the Grand Jury" the "offenses against the criminal laws of the United States" alleged by Vogt. The discretion of the Court in utilizing that authority is constrained by Federal Rules Criminal Procedure, Rule 6(a) which states: "When the **public interest** so requires, the court <u>must</u> order that one or more Grand Juries be summoned." (Emphasis added). Thus, the discretion of the Court to bring to the attention of the Grand Jury evidence of criminal behavior is removed when the "public interest" demands Grand Jury action.

The scope of that "public interest" obtains definition when the role of the Grand Jury is put in historical context. Plainly, one of those historical purposes was to investigate government corruption. For example, although the infamous Tweed Ring in New York City was attacked by many well intentioned reformers, it took a New York City Grand Jury to actually break the Ring in 1872. The Grand Jury members conducted their own investigation, independent of the district attorney's office. See: United States District Attorney George Z. Medalie, *Grand Juries Value*, The Panel, Mar.-Apr. 1931, at 185.

In 1895, Justice Brewer in *Frisbie v. United States*, 157 U.S. 160, 163 (1895) described a system relying on an energetic Grand Jury: "[I]n this country the common practice is for the Grand Jury to investigate any alleged crime, **no matter how or by whom suggested to them**, and after determining that the evidence is sufficient to justify putting the party suspected on trial,

to direct the preparation of the formal charge or indictment." (Emphasis added).

Yet, more recently, Justice William Douglas noted that it is: "common knowledge that the Grand Jury, having been conceived as a bulwark between the citizen and the Government, is now a tool of the Executive." *United States v. Dioniso*, 410 U.S. 19, 23 (1973)(Douglas, J., dissenting). In this instance, this Court must recognize how perverse it would be to allow Obama's Department of Justice to determine whether to present evidence of Obama's forged COLB.

## II. VOGT'S "COMPELLING REASONS" TO SEAL HIS AFFIDAVIT

Vogt acknowledges that there is a "strong presumption" against sealing documents that are filed in court proceedings. *Hagestad v. Tragesser*, 49 F. 3rd 1430, 1434 (9th Cir. 1995). That presumption may be overcome "only by an overriding right or interest based on findings that closure is essential to preserve higher values . . ." *Oregonian Publishing Co. v. United States District Court (Oregon)*, 920 F2d 1462, 1465 (9th Cir. 1990).

Further, the party seeking to seal all or part of a document must articulate "compelling reasons" supported by specific factual findings. *Kamakana v. City and County of Honolulu*, 447 F3d 1172, 1178-79 (9th Cir. 2006). *Accord*: *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3rd Cir. 1984)(The presumption of openness under the First Amendment is even stronger than the common-law presumption and can be overcome only by showing "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). Here, Vogt offers two "compelling reasons" to keep sealed his Sealed Affidavit.

### A. THE GRAND JURY PROCEEDING REQUIRES SECRECY

The "secret" nature of the Grand Jury proceeding is well established. "We consistently have recognized that the proper functioning of our Grand Jury system depends upon the secrecy of Grand Jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 US 211 (1979). Here, Vogt's sealed affidavit reveals the names of those involved in the preparation of Barack Hussein Obama II's forged COLB. To publicly reveal that information at this time would undermine the rationale for that secrecy. As detailed in *Douglas Oil Co of Cal.*:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. For all of these reasons, courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury.

*Id.* Therefore as Vogt's Sealed Affidavit relates to a potential Grand Jury investigation, it is inappropriate to reveal that affidavit.

### B. EVIDENCE COULD EASILY BE SPOILED

The evidence of forgery of the COLBs is largely contained in computer files resident on the conspirators' computers. If the contents of Vogt's Sealed Affidavit is revealed, those conspirators will have the time to erase such evidence thereby hampering their prosecution. As such, to refuse to seal Vogt's Sealed Affidavit would be to directly assist those who have perpetrated this fraud upon the Citizens of the United States.

### III.   THE "PUBLIC INTEREST" OBLIGATES THIS COURT TO REFER VOGT'S EVIDENCE TO A SPECIAL GRAND JURY AND APPOINT A SPECIAL PROSECUTOR

At his Press Conference on April 27, 2011, Barack Hussein Obama II made the following statement regarding his Long Form Certificate of Live Birth:

> As many of you have been briefed, we provided additional information today about the site of my birth. Now, this issue has been going on for two, two and a half years now. I think it started during the campaign. And I have to say that over the last two and a half years I have watched with bemusement, I've been puzzled at the degree to which this thing just kept on going. We've had every official in Hawaii, Democrat and Republican, every news outlet that has investigated this, confirm that, yes, in fact, I was born in Hawaii, August 4, 1961, in Kapiolani Hospital. We've posted the certification that is given by the state of Hawaii on the Internet for everybody to see."[1]

Plainly, the idea of the President of the United States involved in a conspiracy to defraud the American Public is difficult to process given the implications of such a criminal act. Yet that is what the compelling, objective evidence that Vogt presents to this Court now indisputable demonstrates. The evidence Vogt presents proves that Barack Hussein Obama II has not proven he is a citizen of the United States and therefore not eligible to serve as President of the United States or any public office. The very fact that the conspirators had to create a forged birth certificate indicates he was not born in the United States and is a foreign alien. Accordingly, given the threat that domestic enemies to the United States involved in these forgeries represent, and upon the Sixth Amendment oath that this Court took, this Court is now obligated to

---

[1]   Retrieved from: http://www.whitehouse.gov/the-press-office/2011/04/27/remarks-president and http://www.whitehouse.gov/blog/2011/04/27/president-obamas-long-form-birth-

expeditiously: (i) refer this matter to a special Grand Jury and (ii) appoint an independent prosecutor given the obvious conflict of interest that prosecution by Obama's Department of Justice represents.

IV. CONCLUSION

WHEREFORE, Vogt respectfully requests an order sealing his Sealed Affidavit from public view.

Dated: October 21, 2013

Douglas Vogt
12819 S.E. 38th Street, #115
Bellevue, WA 98006
Telephone number: 425-643-1131

By: *[signature: Douglas Vogt]*