UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS VOGT,

                Plaintiff,

      v.

BARACK OBAMA, et. al.,

                Defendants.

CASE NO. C13-1880JLR

ORDER TO SHOW CAUSE
REGARDING SUBJECT
MATTER JURISDICTION

Before the court is Plaintiff Douglas Vogt's complaint in which he alleges that the

certificates of live birth from the State of Hawaii that President Barack Obama has

publicly released are forgeries. (*See* Compl. (Dkt. # 1) at 1-2.) He also alleges that

President Obama "was not born in Hawaii and [i]s not a US citizen," and that a

treasonous conspiracy exists among the various defendants "to take over a political party

and install a Communist agent in [sic] as President of the United States so as to destroy

the nation from within." (*Id.* at 5.) Accordingly, he asks the court "to bring to the

ORDER- 1

1    attention of the grand jury the evidence of criminal behavior sworn to herein." (*Id.* at 9

2    (internal quotation marks omitted).)  Having reviewed the complaint, the court ORDERS

3    Mr. Vogt to show cause why his complaint should not be dismissed for lack of subject

4    matter jurisdiction, as delineated below.

5           A complaint must contain "a short and plain statement" showing "the grounds for

6    the court's jurisdiction" and "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

7    A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(1) if the

8    plaintiff does not carry his burden to sufficiently allege subject-matter jurisdiction.  *See*

9    Fed. R. Civ. P. 12(b)(1).  At this early point in the proceedings, however, a court must

10   "accept all material allegations of fact as true and construe the complaint in a light most

11   favorable to the non-moving party."  *Vasquez v. L.A Cnty.*, 487 F.3d 1246, 1249 (9th Cir.

12   2007).  Further, the court construes a *pro se* complaint, such as Mr. Vogt's, liberally and

13   dismisses such a complaint only "if it appears beyond doubt that the plaintiff can prove

14   no set of facts in support of his claim which would entitle him to relief."  *Engebretsonv.*

15   *Mahonney*, 724 F.3d 1034, 1037 (9th Cir. 2013).

16          Nonetheless, this court has an independent obligation to determine whether

17   subject-matter jurisdiction exists, even in the absence of a challenge from any party.

18   *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil*

19   *Co.*, 526 U.S. 574, 583 (1999)); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th

20   Cir. 2004) ("The court has a continuing obligation to assess its own subject-matter

21   jurisdiction, even if the issue is neglected by the parties.") (citing *United States v. Ceja-*

22   *Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003)); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

ORDER- 2

1  671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be

2  considered when fairly in doubt.").  The court considers whether it has subject-matter

3  jurisdiction over Mr. Vogt's claim below.

4       Mr. Vogt asserts that he brings his claims against President Obama and others

5  pursuant to 18 U.S.C. § 4 and 18 U.S.C. § 2382.  (Compl. at 1.)  Section 4 defines the

6  crime of misprision of felony, as follows:

7       Whoever, having knowledge of the actual commission of a felony
cognizable by a court of the United States, conceals and does not as soon as
8       possible make known the same to some judge or other person in civil or
military authority under the United States, shall be fined under this title or
9       imprisoned not more than three years, or both.

10  18 U.S.C. § 4.  Section 2382 is similar to section 4, but relates to misprision of treason.

11  *Compare* 18 U.S.C. § 4 *with* 18 U.S.C. § 2382.  Section 2383 states:

12       Whoever, owing allegiance to the United States and having knowledge of
the commission of any treason against them, conceals and does not, as soon
13       as may be, disclose and make known the same to the President or to some
judge of the United States, or to the governor or to some judge or justice of
14       a particular State, is guilty of misprision of treason and shall be fined under
this title or imprisoned not more than seven years, or both.

15  
16  18 U.S.C. § 2382.

17       "[A] private party may not enforce criminal statutes through a civil action."

18  *Florence v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007).  Sections 4 and 2382

19  of Title 18 define criminal offenses and do not provide civil litigants with a private right

20  of action.  Numerous courts have so held.  *See, e.g.*, *Chen ex rel. V.D. v. Lester*, 364 Fed.

21  App'x 531, 536 (11th Cir. 2010) (affirming dismissal of civil suit under 18 U.S.C. § 2382

22  because statute does not provide private right of action); *Apollo v. Peake*, 306 Fed. App'x

ORDER- 3

1    584 (Fed. Cir. 2009) ("We are aware of no authority for the proposition that an alleged

2    violation of the federal misprision of felony statute gives rise to a private right of

3    action."); *Gage v. Kumpf*, No. 12-2620 (FLW), 2012 WL 5630568, at *3 (D.N.J. Nov.

4    15, 2012) ("It is beyond cavil that there is no private cause of action to bring a claim

5    pursuant to 18 U.S.C. § 4.");  *Hysell v. Schwarzenegger*, No. 1:10-cv-01233-AWI-GBC,

6    2012 WL 1130609, at *3 (E.D. Cal. Mar. 30, 2012) ("[N]either the statute itself nor any

7    legal authority provides for a private cause of action under 18 U.S.C. § 4."); *Carvel v.*

8    *Ross*, No. 09 Civ. 0722(LAK)(JCF), 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011)

9    ("The plaintiff also asserts a number of causes of action for which there are no private

10   rights of action, including violations of 18 U.S.C. § 4 (misprision of felony) [and] 18

11   U.S.C. § 2382 (misprision of treason) . . . ."); *Cobble v. Simpson, III*, No. 3:09CV-682-R,

12   2009 WL 3423444 at *3 (W.D. Ky. Oct. 14, 2009) ("An alleged violation of the federal

13   misprision of felony statute does not give rise to a private right of action."); *Pankey v.*

14   *Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) ("[Section] 4 defines a criminal offense

15   and does not provide civil complainants with a private right of action."); *United States ex*

16   *rel. Farmer v Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990) ("There is no explicit

17   authority for private citizens to bring suit under [18 U.S.C. § 4], nor will the court imply

18   such authority.").

19           Decisions to prosecute or file charges are generally within the prosecutor's

20   discretion, and private citizens, such as Mr. Vogt, have no standing to institute a federal

21   criminal prosecution and no power to enforce a criminal statute against another.  *Linda*

22   *R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("The Court's prior decisions consistently

ORDER- 4

1  hold that a citizen lacks standing to contest the policies of the prosecuting authority when

2  he himself is neither prosecuted nor threatened with prosecution[, and] in American

3  jurisprudence at least, a private citizen lacks a judicially cognizable interest in the

4  prosecution or nonprosecution of another.") (internal citations omitted); *United States v.*

5  *Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or

6  bring before a grand jury are decisions that generally rest in the prosecutor's

7  discretion.").  Because Mr. Vogt's claims under 18 U.S.C. § 4 and 18 U.S.C. § 2382 are

8  not legally cognizable, it appears that this court lacks subject matter jurisdiction to

9  consider Mr. Vogt's claims.  *See Cobble*, 2009 WL 3423444, at *3; *Pankey*, 816 F. Supp.

10  at 559.

11      In addition, the court believes that Mr. Vogt lacks standing under Article III of the

12  United States Constitution to pursue his claims.  It is axiomatic that standing to sue is a

13  prerequisite to the court's jurisdiction under Article III of the United States Constitution.

14  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), Inc., 528 U.S. 167, 180-81

15  (2000).  This constitutional mandate requires that Mr. Vogt show, *inter alia*, an "injury in

16  fact."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "An 'injury in fact' is

17  'an invasion of a legally protected interest which is (a) concrete and particularized and (b)

18  actual or imminent, not conjectural or hypothetical.'"  *Berg v. Obama*, 586 F.3d 234, 239

19  (3d Cir. 2009) (quoting *Lujan*, 504 U.S. at 560)).  Numerous courts have held that private

20  citizens or voters, such as Mr. Vogt, lack standing under Article III to challenge President

21  Obama's qualifications to hold his office because they have suffered no particularized

22  injury.  *See, e.g.*, *Kerchner v. Obama*, 612 F.3d 204, 207-08 (3d Cir. 2010); *Berg v.*

1  *Obama*, 586 F.3d 234, 240 (3d Cir. 2009) ("[Plaintiff's] stake in the legitimacy of

2  [President] Obama's  presidency is shared by . . . all 300 million-plus U.S. Citizens,

3  whether voters or not."); *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012)

4  ("Plaintiff lacks standing to challenge President Obama's current tenure in office, just as

5  others who have made similar claims contesting President Obama's eligibility for the

6  presidency were found to lack standing.  The injury plaintiff asserts is *not* particular to

7  him.") (italics in original).

8          Based on the foregoing authorities, the court ORDERS Mr. Vogt to show cause

9  within 20 days of the date of this order why his complaint should not be dismissed for

10  lack of subject matter jurisdiction.  If Mr. Vogt fails to timely respond to the court's order

11  to show cause or fails to establish a valid basis for this court's exercise of subject matter

12  jurisdiction within his response, the court will dismiss his complaint.

13          Dated this 5th day of November, 2013.

14

15

16  _____

17  JAMES L. ROBART
     United States District Judge

18

19

20

21

22